IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-215-BO

| | |
|---|---|
| WILFRED LEE HARVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | O R D E R |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' Cross-Motions for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held in Edenton, North Carolina, on June 4, 2008, and the matter is now ripe for ruling. For the reasons discussed below, Defendant's Motion is DENIED, Plaintiff's Motion is GRANTED, and this matter is REVERSED and REMANDED for proceedings consistent with this ruling.

## BACKGROUND

On January 18, 2005, Plaintiff filed for benefits alleging disability since September 18, 1998. After an initial denial, a hearing was scheduled before an Administrative Law Judge (ALJ), who issued an unfavorable ruling. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. Plaintiff timely commenced the instant action.

## ANALYSIS

The scope of judicial review of a final decision regarding disability and supplemental security income benefits under the Social Security Act is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was

applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Plaintiff's lumbar degenerative disc disease, chronic back pain, knee pain, and depression were considered severe impairments at step two, but did not meet or equal a listing at step three. At step four, the ALJ determined that Plaintiff's impairments prevented her from returning to her past relevant work, but that he was able to perform a range of light work. With the aid of testimony from a vocational expert (VE), the ALJ concluded at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Thus, the ALJ found that Plaintiff was not disabled under the Act.

2

Plaintiff argues that the ALJ's opinion is not supported by substantial evidence because critical evidence was not available to the ALJ at the time of his decision and the hypothetical created by the ALJ and relied upon by the VE was deficient. Defendant asserts that the evidence is duplicative and the record was fully developed.

The ALJ did not have the opinions of Plaintiff's treating physicians, Dr. Wheeless and Dr. Cromer, both of which lend support to Plaintiff's claims. The opinion of a claimant's treating physician is entitled to "great weight as it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Oppenheim v. Finch*, 495 F.2d 396, 398 (4th Cir. 1974) (quoting *Vitek v. Finch*, 438 F.2d 1157, 1160 (4th Cir. 1971). These opinions, though not before the ALJ, were admitted by the Appeals Council and must be properly considered. Additionally, the ALJ did not adequately address Plaintiff's psychiatric impairments or GAF of forty-six. Accordingly, Defendant's Motion is DENIED, Plaintiff's Motion is GRANTED, and this matter is REVERSED and REMANDED for proceedings consistent with this ruling.

SO ORDERED, this __ day of July 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE